1    CENTER FOR DISABILITY ACCESS
     Raymond Ballister, Jr., Esq., SBN 111282
2    Mark Potter, Esq., SBN 166317
     Phyl Grace, Esq., SBN 171771
3    Dennis Price, SBN 279082
     Mail: PO Box 262490
4    San Diego, CA 92196-2490
     Delivery: 9845 Erma Road, Suite 300
5    San Diego, CA 92131
     (858) 375-7385; (888) 422-5191 fax
6    phylg@potterhandy.com

7    Attorneys for Plaintiffs

8

9

10                   UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
11

12

| **Walter E. Sanchez**, | **Case No**. |
|---|---|
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence |
| v. | |
| **William N. Hallman; Kathleen L. Hallman; Davn Gas, Inc., a California Corporation**; and Does 1-10, | |
| Defendants. | |

20           Plaintiff Walter E. Sanchez complains of Defendants William N.

21   Hallman; Kathleen L. Hallman; Davn Gas, Inc., a California Corporation; and

22   Does 1-10 ("Defendants") and alleges as follows:

23

24       **PARTIES:**

25     1.   Plaintiff is a California resident with physical disabilities. He suffers

26   from a spinal cord injury. He uses a wheelchair for mobility.

27     2.   Defendant Davn Gas, Inc. owns and operates the 76 gas station ("Gas

28   Station"), located at or about 10260 Sepulveda Blvd., Mission Hills,

                                        1

Complaint

1    California, currently and did so in April of 2014.

2    3.  Defendants William N. Hallman; Kathleen L. Hallman own the

3    property located at or about 10260 Sepulveda Blvd., Mission Hills,

4    California, currently and did so in April of 2014.

5    4.  Plaintiff does not know the true names of Defendants, their business

6    capacities, their ownership connection to the property and business, or their

7    relative responsibilities in causing the access violations herein complained of,

8    and alleges a joint venture and common enterprise by all such Defendants.

9    Plaintiff is informed and believes that each of the Defendants herein,

10   including Does 1 through 10, inclusive, is responsible in some capacity for

11   the events herein alleged, or is a necessary party for obtaining appropriate

12   relief. Plaintiff will seek leave to amend when the true names, capacities,

13   connections, and responsibilities of the Defendants and Does 1 through 10,

14   inclusive, are ascertained.

15

16   **JURISDICTION & VENUE:**

17   5.  This Court has subject matter jurisdiction over this action pursuant to

18   28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans

19   with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

20   6.  Pursuant to pendant jurisdiction, an attendant and related cause of

21   action, arising from the same nucleus of operative facts and arising out of the

22   same transactions, is also brought under California's Unruh Civil Rights Act,

23   and the California Disabled Persons Act, which acts expressly incorporate the

24   Americans with Disabilities Act.

25   7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

26   founded on the fact that the real property which is the subject of this action is

27   located in this district and that Plaintiff's cause of action arose in this district.

28

2

Complaint

**FACTUAL ALLEGATIONS:**

8.   The Plaintiff went to the Gas Station in April of 2014 to get gas.

9.   The Gas Station is a facility open to the public, a place of public accommodation, and a business establishment.

10. At each of the fuel dispenser pumps, there is an electronic card reader for use by customers.

11. Unfortunately, the controls and operating mechanisms for the card readers are located about 59 inches above the ground. They exceed the maximum height/reach requirements of the law.

12. The plaintiff personally encountered this problem. The inaccessible card readers denied the plaintiff full and equal access and caused him difficulty.

13. Additionally, on information and belief, plaintiff alleges that convenience store at the Gas Station has moveable objects/merchandise inside that serve as an obstruction to wheelchair users. Because defendants lack a policy or procedure to keep its floor clear of these moveable obstructions, the paths of travel are not accessible to wheelchair users.

14. Plaintiff would like to return and patronize the Gas Station but will be denied full and equal access until the defendants provide an accessible card reader and convenience store.

15. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

Complaint

1  **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**
2  **WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all
3  defendants (42  U.S.C. section 12101, et seq.)
4     16. Plaintiffs replead and incorporate by reference, as if fully set forth
5  again herein, the allegations contained in all prior paragraphs of this
6  complaint.
7     17. Under the ADA, it is an act of discrimination to fail to ensure that the
8  privileges, advantages, accommodations, facilities, goods and services of any
9  place of public accommodation is offered on a full and equal basis by anyone
10 who owns, leases, or operates a place of public accommodation. See 42
11 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:
12      a. A failure to make reasonable modifications in policies, practices,
13        or procedures, when such modifications are necessary to afford
14        goods, services, facilities, privileges, advantages, or
15        accommodations to individuals with disabilities, unless the
16        accommodation would work a fundamental alteration of those
17        services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).
18      b. A failure to remove architectural barriers where such removal is
19        readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are
20        defined by reference to the ADAAG, found at 28 C.F.R., Part 36,
21        Appendix "D."
22      c. A failure to make alterations in such a manner that, to the
23        maximum extent feasible, the altered portions of the facility are
24        readily accessible to and usable by individuals with disabilities,
25        including individuals who use wheelchairs or to ensure that, to
26        the maximum extent feasible, the path of travel to the altered
27        area and the bathrooms, telephones, and drinking fountains
28        serving the altered area, are readily accessible to and usable by

4

Complaint

1    individuals with disabilities. 42 U.S.C. § 12183(a)(2).

2    18. Under the Americans with Disabilities Act, any person who owns,

3    leases, leases to or operates a place of public accommodation must ensure

4    that that the facilities are made available in a full and equal manner and in a

5    way that does not discriminate. (42 U.S.C. § 12182(a).)

6    19. One manner of discrimination is to either build facilities that do not

7    comply with the code or to fail to modify facilities, *i.e.*, remove barriers, to

8    bring them into compliance with the access standards. (42 U.S.C. §

9    12182(b)(2)(A)(iv).)

10   20. Card readers at fuel pumps are covered by height/reach requirements

11   of section 4.27 of the ADAAG for control or operating mechanisms. If the

12   clear floor space allows parallel approach by a person in a wheelchair, the

13   maximum high side reach allowed shall be 54 inches and the low side reach

14   shall be no less than 9 inches above the floor.

15   21. Here, the defendants failed to provide handicap-accessible card

16   readers and, therefore, failed to provide full and equal access to wheelchair

17   users such as the plaintiff. The card readers are located about 59 inches

18   above the finish floor, which is higher than that allowed by law.

19   22. Shelves and display units allowing self-service by customers at stores

20   must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An

21   accessible route must be at least 36 inches in width. 1991 Standards § 4.3.3.

22   23. Here, the paths of travel in the merchandise aisles and near the

23   entrance are impeded by moveable objects near the front of the store. This is

24   a violation of the law. Because defendants lack a policy or procedure to keep

25   its floor clear of these moveable obstructions, the paths of travel are not

26   accessible to wheelchair users.

27

28

Complaint

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

24. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

26. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ.§ 54-54.8)

27. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

29. Because the violation of the Disabled Persons Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

Complaint

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

30. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

31. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiffs. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER**:

Wherefore, Plaintiffs pray that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiffs are not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

7

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.


Dated: May 21, 2014                     CENTER FOR DISABILITY ACCESS


                                        By:_____
                                        Mark Potter, Esq.
                                        Attorneys for Plaintiffs

Complaint